|   |   |   |
|---|---|---|
| MARIA GONZALEZ, | : | |
| | : | |
| plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:18-cv-01820 (RAR) |
| | : | |
| NANCY BERRYHILL,[1] | : | |
| ACTING COMMISSIONER | : | |
| OF SOCIAL SECURITY, | : | |
| | : | |
| defendant. | : | |

## RULING ON PENDING MOTIONS

Maria Gonzalez("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated August 31, 2015. Plaintiff timely appealed to this court. Currently pending are plaintiff's motion for an order reversing and remanding her case for a hearing (Dkt. #15) and defendant's motion to affirm the decision of the Commissioner. (Dkt. #21-1.)

For the reasons that follow, plaintiff's motion to reverse, or in the alternative, remand is DENIED and the Commissioner's motion to affirm is GRANTED.

---

[1] Andrew Saul is the new commissioner of the Social Security

## STANDARD

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching her conclusion, and whether the decision is supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to support the plaintiff's contrary position. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a scintilla or touch of proof here and there in the record." Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are payable to an individual who has a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the SSA, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[2]

---

[2] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled, without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the

In order to be considered disabled, an individual's
impairment must be "of such severity that he is not only unable
to do his previous work but cannot . . . engage in any other
kind of substantial gainful work which exists in the national
economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in
the national economy means work which exists in significant
numbers either in the region where such individual lives or in
several regions of the country." Id.[3]

## PROCEDURAL HISTORY

Plaintiff initially filed for disability insurance benefits
under Title II and Title XVI on April 7, 2015. (R. 316.)[4]
Plaintiff alleged a disability onset date of April 15, 2014.
(R. 316.) At the time of application, plaintiff alleged that
she suffered from major depression, anxiety, post-traumatic
stress disorder, asthma, cervical arthritis, and
hypercholesterolemia. (R. 161.) The initial application was

---

Commissioner then determines whether there is other work which
the claimant could perform. The Commissioner bears the burden
of proof on this last step, while the claimant has the burden on
the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[3] The determination of whether such work exists in the national
economy is made without regard to: 1) "whether such work exists
in the immediate area in which [the claimant] lives;" 2)
"whether a specific job vacancy exists for [the claimant];" or
3) "whether [the claimant] would be hired if he applied for
work." Id.

[4] The Court cites pages within the administrative record as "R.
___."

denied on August 31, 2015, and again upon reconsideration on December 16, 2015. (R. 132-145, 160-164.) Plaintiff then filed for an administrative hearing which was held by ALJ Ronald J. Thomas (hereinafter the "ALJ") on September 27, 2017. (R. 67-93.) The ALJ issued an unfavorable decision on January 2, 2018. (R. 17-34.) On January 16, 2018, plaintiff sought a review by the Appeals Council, which was denied. (R. 1-6.) Plaintiff then filed this action seeking judicial review. (Dkt. #16.)

## DISCUSSION

Plaintiff argues that (1) the ALJ's opinion was not supported by substantial evidence; and (2) the ALJ failed to give proper weight to the opinion of treating physician, Dr. Francisco Lopez.[5] Pl. Br. 12-13. Based on the following, the Court finds that the ALJ's opinion was based on substantial evidence and the ALJ did not violate the treating physician rule. The Court thus affirms the ALJ's decision.

I.   The ALJ's Opinion Was Supported by Substantial Evidence

   a. *The ALJ'S Evaluation of 20 C.F.R. § 404, Subpart P, Appendix I, §12.04 is supported by substantial evidence.*

A claimant seeking social security benefits bears the burden of showing that she has a medically severe impairment or

---

[5] Plaintiff lists all the ALJ's determinations in numbered paragraphs and indicates the determinations to which she does not object to by using an "*". Pl. Br. 10-11. The Court does not address any objections for which the plaintiff does not make an argument and provide support.

combination of impairments.  See Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  "The severity regulation requires the claimant to show that [she] has an 'impairment or combination of impairments which significantly limits' 'the abilities and aptitudes necessary to do most jobs.'"  Id. at 146 (quoting 20 C.F.R. §§ 404.1520(c), 404.1521(b)).  It is the plaintiff's burden to provide "medical evidence which demonstrates the severity of her condition."  Merancy v. Astrue, No. 3:10cv1982(WIG), 2012 WL 3727262, at *7 (D. Conn. May 3, 2012).

20 C.F.R. Pt. 404, Subpt. P, Appendix 1, §12.04 states that an affective disorder is "characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome."  20 C.F.R. Pt. 404, Subpt. P, Appendix ("App.") 1, §12.04.  To be disabled under §12.04, the claimant's disorder must meet the severity levels of both subsections §12.04(A) and either §12.04(B) or subsection §12.04(C).  Id.  Subsection 12.04(B) requires a claimant to suffer an "[e]xtreme limitation of one, or marked limitation of two, of the following areas of mental functioning: (1) understand, remember, or apply information[;] (2) interact with others[;] (3) concentrate, persist, or maintain pace[;] (4) adapt or manage oneself."  Id. at §12.04(B).

The ALJ found that plaintiff's impairments did not meet the requirements of §12.04(B) or §12.04(C).  (R. 24–26.)  Plaintiff

does not object to the §12.04(C) determination.  Pl. Br. 14.[6]
The ALJ addressed each of the criteria of subsection B.  (R. 24–
26.)  After each determination, the ALJ explained his
determination and referenced plaintiff's medical records
supporting the ALJ's determination.  (R. 24–26.)

First, the ALJ determined that plaintiff suffered mild
limitations in her ability to understand, remember, or apply
information.  (R. 24.)  The ALJ noted that plaintiff could
follow simple instructions and complete simple tasks.  (R. 24.)
The ALJ also noted that plaintiff functioned independently and
could drive and grocery shop on her own.  (R. 25.)  The ALJ's
determination is further supported by the opinion of Dr. Hill.
Dr. Hill stated that plaintiff was not significantly limited in
her ability to make simple work-related decisions and perform
tasks at a consistent pace, without unreasonably long
interruption.  (R. 107.)  The ALJ's determination that plaintiff
suffered mild limitations in understanding, remembering, or
applying information is supported by substantial evidence.

Second, the ALJ determined that plaintiff suffered mild
limitations regarding her ability to interact with others.  (R.

---

[6] Plaintiff does not specifically state that the ALJ's §12.04(B)
determination was not supported by substantial evidence.  In the
interest of being thorough, given plaintiff's cursory reference
to a lack of substantial evidence and her specific objection to
the §12.04(B) analysis, the Court will examine the evidence
supporting the ALJ's determination.  See Pl. Br. 11–17.

25.)  The ALJ noted that while plaintiff was fired for anger
issues in the past and preferred not to engage with others,
plaintiff went almost ten years without an aggressive incident
prior to the incident causing the loss of her employment.  (R.
904.)  Plaintiff also reported on multiple occasions that she
was spending time with her grandchildren, communicating with her
daughters, and seeking employment.  (R. 903, 926, 930, 952,
956.)  Finally, Dr. Hill and Dr. Rogers opined that plaintiff
was not significantly limited in her ability to work with
coworkers.  (R. 107, 157.)  The ALJ's determination that
plaintiff suffered mild limitations in her ability to interact
with others is supported by substantial evidence.

Third, the ALJ determined that plaintiff suffered moderate
limitations regarding her ability to concentrate, persist, or
maintain pace.  (R. 25.)  While plaintiff asserts that she is
unable to remain on task, Dr. Hill noted that plaintiff "can
remember and carry out simple instructions," maintain attention
and concentration for at least two hours and complete simple
tasks consistently.  (R. 107.)  Dr. Rogers stated that plaintiff
did not have memory problems and plaintiff's ability to carry
out simple or detailed instructions was not significantly
limited.  (R. 156.)  The ALJ cited to plaintiff's statements to
Dr. Lopez that she was still seeking employment as further
evidence.  (R. 25.)  The ALJ's determination that plaintiff

suffered moderate limitations regarding her ability to concentrate, persist, or maintain pace is supported by substantial evidence.

Finally, the ALJ determined that plaintiff suffers mild limitations in adapting or managing herself. (R. 25.) Dr. Lopez routinely recorded that plaintiff was groomed, well dressed, her thoughts were logical and coherent, and she was not suicidal or homicidal. (R. 895, 899, 906, 913, 918.) Plaintiff states that she cares for herself while her daughter is away and can drive herself to her doctors' appointments. (R. 80–81.) The record demonstrates that plaintiff was able to care for herself, although she lacked the motivation to do so. (R. 80.) The ALJ's determination that plaintiff suffered mild limitations regarding her ability to adapt or manage herself is supported by substantial evidence.

While the record offers support both for the ALJ's determination and plaintiff's assertions, "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002). The issue is whether substantial evidence supports the ALJ's determination—not plaintiffs. Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982). Thus, because the ALJ's determination that plaintiff did not meet the 12.04(B) criteria "rests on adequate findings supported by evidence having rational

probative force," his determination is supported by substantial evidence. Veino, 312 F.3d at 586.

b. *The ALJ's RFC determination is supported by substantial evidence.*

When an individual's impairment does not meet or equal a listed impairment, the ALJ will "make a finding [of the individual's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 CFR § 404.1520(e). An individual's residual functional capacity ("RFC") is the most an individual can still do despite his or her limitations. 20 CFR § 404.1545(a)(1). Plaintiff has the burden of establishing a diminished RFC. See Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).

"The regulations provide a two-step process for evaluating a claimant's assertions of pain and other limitations. At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2011) (citing 20 C.F.R. § 404.1529(b)). "If the claimant does suffer from such an impairment, at the second step, the ALJ must consider 'the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence' of

record." Genier, 606 F.3d at 49 (alterations in original) (quoting 20 C.F.R. § 404.1529(b)).

"In determining whether [an individual is] disabled, [the ALJ will] consider all [of an individual's] symptoms, including pain, and the extent to which [his or her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c). While statements of pain are insufficient, an ALJ may not reject statements of intensity and persistence of pain or other symptoms affecting an individual's ability to work because of a lack of substantiating medical evidence. Id. at § 404.1529(c)(2).

First, the ALJ determined that plaintiff suffered from several medically determinable impairments which could have been expected to produce plaintiff's symptoms: depression, anxiety, and back pain. (R. 27.) At step two, the ALJ determined plaintiff's symptoms were inconsistent with the objective medical evidence and other evidence. (R. 27.)

Regarding plaintiff's back and neck pain, the ALJ noted that plaintiff reported less or no pain on several occasions. (R. 28.) Plaintiff reported improvement after treatment of pain with Flexeril and physical therapy. (R. 448, 452.) On November 18, 2014, plaintiff did not report any pain during a physical examination. (R. 461.)

While plaintiff reported pain on June 30, 2015, and on several other occasions, examination showed that plaintiff's spine had a full range of motion and that such movement did not cause plaintiff pain. (R. 576.) Although plaintiff later complained of pain, she failed to complete her prescribed physical therapy. (R. 883, 910.) The ALJ noted, and plaintiff fails to cite to any counter evidence, that the record is devoid of any evidence demonstrating that plaintiff's back and neck pain substantially affected her ability to lift or carry to the extent of the RFC. (R. 28.)

Similarly, the ALJ noted that the record did not support the conclusion that plaintiff's depression precluded her from participating in any substantial gainful activity. (R. 29–30.) As the ALJ detailed, the record demonstrates that plaintiff could take care of herself, although she lacked the motivation to do so. (R. 30, 79–81.) Plaintiff reported on multiple occasions that she was spending time with her grandchildren, communicating with her daughters, and seeking employment. (R. 903, 926, 930, 952, 956.) She also reported that she enjoyed getting out and participating in aquatic physical therapy. (R. 448.) While plaintiff feels that she is always on the verge of assaulting someone, she is able to control herself and went almost ten years without an aggressive outburst. (R. 448, 904, 931.)

Further, Dr. Cumberbatch stated that plaintiff's depression merely appeared "now and again." (R. 869.) Dr. Cumberbatch also opined that employment would benefit plaintiff and help improve her mental health. (R. 868.) While Dr. Cumberbatch stated that plaintiff was unable to work, Dr. Cumberbatch attributed this to plaintiff's legal record. (R. 868.)

"As a fact-finder, the ALJ has the discretion to evaluate the credibility of a claimant and to arrive at an independent judgment, in light of medical findings and other evidence." Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997). "'Under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence . . . Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.'" Lillis v. Colvin, No. 3:16-cv-269(WIG), 2017 WL 784949, at *5 (D. Conn. Mar. 1, 2017) (quoting Hanson v. Comm'r of Soc. Sec., No. 315-CV-0150GTS(WBC), 2016 WL 3960486, at *12 (N.D.N.Y. June 29, 2016), report and recommendation *adopted sub nom.* Hanson v. Colvin, No. 315-CV-150GTS(WBC), 2016 WL 3951150 (N.D.N.Y. July 20, 2016)).

The Court does not dispute that plaintiff indeed suffered pain and that plaintiff's depression impaired her ability to function in society. However, the issue is whether the record

supports the ALJ's finding that plaintiff's pain and depression did not preclude her from pursuing any substantially gainful activity prior to her DLI.  Fisher v. Barnhart, 363 F. Supp. 2d 153, 168 (D. Conn. 2005).  As detailed above, the record during that time period supports the finding that plaintiff was not precluded from pursuing all substantially gainful activity.

Plaintiff has failed to show that the ALJ's evidence in support of his determination is insufficient for "a reasonable mind [to] accept as adequate to support a conclusion" that plaintiff was not precluded from participating in any substantially gainful activity.  Williams, 859 F.2d at 258 (quoting Richardson, 402 U.S. at 401).  Plaintiff has thus failed to show that the ALJ's decision was not supported by substantial evidence.  The Court therefore finds that the ALJ's opinion is supported by substantial evidence.

II.  The ALJ Did Not Violate the Treating Physician Rule

The medical opinions of treating physicians are generally given more weight than other evidence.  The treating physician rule stipulates that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' as long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  Burgess v. Astrue, 537 F.3d

117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2));

see also Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014)

("A treating physician's opinion need not be given controlling

weight where it is not well-supported or is not consistent with

the opinions of other medical experts" where those other

opinions amount to "substantial evidence to undermine the

opinion of the treating physician").

"The regulations further provide that even if controlling

weight is not given to the opinions of the treating physician,

the ALJ may still assign some weight to those views, and must

specifically explain the weight that is actually given to the

opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn.

2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103(WWE), 2004

WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). It is "within the

province of the ALJ to credit portions of a treating physician's

report while declining to accept other portions of the same

report, where the record contain[s] conflicting opinions on the

same medical condition." Pavia v. Colvin, No. 6:14-cv-06379

(MAT), 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (citing

Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002)).

In determining the amount of weight to give to a medical

opinion, the ALJ considers the examining relationship, the

treatment relationship, the length of treatment, the nature and

extent of treatment, evidence in support of the medical opinion,

consistency with the record, specialty in the medical field, and any other relevant factors. 20 C.F.R. § 404.1527. It is generally appropriate to "give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(c)(5).

After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a treating physician's opinion.'" Greek v. Colvin, 802 F.3d 370, 375 (2d Cir. 2015) (citing Burgess, 537 F.3d at 129) (alteration in original). The ALJ may not simply substitute his own judgment for that of the treating physician, and failure to provide good reasons for the weight given to a treating physician's opinion is grounds for remand. Id.

"SSA regulations provide a very specific process for evaluating a treating physician's opinion" and failure to "*explicitly consider*" any of the named factors is grounds for rejecting the ALJ's decision. Greek, 802 F.3d 370, 376 (2d Cir. 2015) (emphasis added). However, an ALJ is not required to explicitly cite to the treating physician rule or its factors. Crowell v. Comm'r of SSA, 705 Fed. Appx. 34, 35 (2d Cir. 2017). It is sufficient that the ALJ substantively reference the rule and provide good reason for not assigning a plaintiff's treating physician controlling weight. Id.

In his opinion, the ALJ specifically discusses the length, nature and extent of plaintiff's treatment. (R. 28-30.) As the ALJ notes, plaintiff "sought treatment for depressive and anxiety symptoms beginning in April 2014 with Fair Haven Community Health Center. (Exhibit 1F/9)." (R. 28.) "On June 27, 2014, [plaintiff] established treatment with Francisco Lopez, Ph.D., for an initial intake and was assessed with major depressive disorder, recurrent, and rule out PTSD (Exhibit 1F/12)." (R. 28.) The ALJ's opinion also contains a detailed discussion of plaintiff's treatment with Dr. Lopez and Evelyn Cumberbatch between 2014 and 2016, and a detailed discussion of their treatment notes. (R. 28-29.) After discussing the treatment and records in detail, the ALJ expressly notes that he

> considered the medical opinions provided by treating and examining sources, as well as non-treating sources and has analyzed the opinion evidence in accordance with the regulations and agency rulings (20 CFR 404.1527 and 416.927). In evaluating opinion evidence, the [ALJ] grants weight according to opinions that are supported by sufficient documentation of evidence, clear articulation for the basis of the opinions, and consistent findings with other objective medical evidence of record.

(R. 30.)

The ALJ decided to assign Dr. Lopez's, opinion little weight. (R. 30.) In doing so, the ALJ comprehensively set forth his reasons for assigning such weight to Dr. Lopez's opinion, along with the evidence in the record that supported

his decision. (R. 30.) The ALJ stated that Dr. Lopez did not include the B criteria in the disability statement and the form appears to have been completed based upon the claimant's subjective complaints. (R. 30.) The ALJ also concluded that Dr. Lopez's opinion was inconsistent with her own treatment notes. More specifically, the ALJ stated that

> Dr. Lopez noted that the claimant refrains from leaving her house at all costs and is often able to function outside of her home; however, her mental status examinations during treatment are all within normal limitations except for depressed mood due to the loss of her daughter's father and other family stressors including her ill brother (Exhibit 9F – 12F). Indeed, the claimant was noted to be attending her grandson's PPT meetings at school, going to the grandchildren's sporting events, going to Pennsylvania for a trip, going out to a restaurant on her birthday and taking walks (Exhibits 9F / 57, 10F/10/17 and 12F/ 15). The claimant was also actively job searching. (Exhibit 9F, 10F and 12F). (R. 30.)

The Second Circuit Court of Appeals has held that an ALJ is not required to afford controlling weight to a treating physician's opinion if the opinion conflicts with the treating physician's notes or the other medical evidence in the record. Legg v. Colvin, 574 Fed. Appx. 48, 49 (2d Cir. 2014)("The ALJ appropriately noted that the objective medical evidence, the reports of other physicians, and Dr. Bonavita's own treatment notes did not support the diagnoses and serious functional limitations contained in his statements."); Camille v. Colvin, 652 F. App'x 25, 27 (2d Cir. 2016)(the ALJ properly

afforded less than controlling weight to a treating source opinion because it was inconsistent with the doctor's own treatment notes and the opinion of a consultative examiner); Cichocki v. Astrue, 534 Fed. Appx. 7, 75 (2d Cir. 2013)("Because Dr. Gupta's medical source statement conflicted with his own treatment notes, the ALJ was not required to afford his opinion controlling weight."). See also Frawley v. Colvin, No. 5:13-cv-1567, 2014 WL 6810661, at *6 (N.D.N.Y. Dec. 2, 2014)(affirming an ALJ's decision to afford treating physician's opinion little weight where the physician's ultimate assessment was inconsistent with the treating notes and the plaintiff's own testimony regarding her abilities) (adopting report and recommendation).

There is substantial evidence in the record to support the ALJ's detailed explanation for discounting Dr. Lopez's opinion. More specifically, there is substantial evidence in the record to support the ALJ's finding that Dr. Lopez's opinion is inconsistent with other medical evidence in the record, including Dr. Lopez's own notes.

As the ALJ states, "Dr. Lopez noted that the [plaintiff] refrains from leaving her house at all costs and is often unable to function outside of her home." (R. 30) However, the ALJ observes that Dr. Lopez's treatment notes show that plaintiff had largely normal mental status examinations and frequently

left the house, went for walks outside and remained active.[7] (R. 30-31; 444-99; 891-992). For instance, on April 6, 2016, plaintiff reported "being much more active this week" and walking several times during the week (R. 899); in late April of 2016, plaintiff reported taking walks around the block with her dog and taking her grandchildren to work (R. 903); in June of 2016, plaintiff reported traveling to Pennsylvania to visit her mother and siblings (R. 918); in July of 2016, plaintiff reported taking her grandchildren to their respective sporting events (R. 926); in September of 2016, plaintiff reported that she was keeping busy by attending her grandson's baseball games and walking (R. 933); and in June of 2017, plaintiff reported that she went out to eat at a restaurant but experienced social anxiety while there. (R. 989.) While there is evidence in the record that supports the conclusion that plaintiff occasionally had difficulty leaving her house, there is also substantial

---

[7]There is evidence in the record that supports the conclusion that plaintiff occasionally had difficulty leaving her house. For instance, on July 28, 2016, the plaintiff stated that she "mopes around the house" (R. 930); on October 26, 2016, plaintiff stated that "coming out of the house is rough" (R. 941); on April 19, 2017, plaintiff stated that she was "staying in her apartment most of the time" (R. 967); and, in May of 2017, Dr. Lopez stated that plaintiff "refrains from leaving her house at all costs, and is often unable to function outside of her home, where she feels safe." (R. 974.) Despite these entries in the notes, there is substantial evidence in the record to support the ALJ's comprehensive explanation for concluding that Dr. Lopez's opinion is inconsistent with Dr. Lopez's own notes and other medical records in the record.

evidence in the record to support the ALJ's comprehensive

explanation for assigning the weight he assigned to Dr. Lopez's

opinion.

In further support of his decision to afford Dr. Lopez's

opinion less than controlling weight, the ALJ states that even

though Dr. Lopez opined that plaintiff meets the listing

criteria for 12.04 and 12.06, "Dr. Lopez did not include the B

criteria in [his] disability statement and the form appears to

have been completed based on the [plaintiff's] subjective

complaints."[8]  (R. 30.)  As the Second Circuit has observed,

> some kinds of findings—including the ultimate finding
> of whether a claimant is disabled and cannot work—are
> "reserved to the Commissioner." That means that the
> Social Security Administration considers the data that
> physicians provide but draws its own conclusions as to
> whether those data indicate disability. A treating
> physician's statement that the claimant is disabled
> cannot itself be determinative.

Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999)(internal

citation omitted)(quoting 20 C.F.R. § 404.1527(e)(1)).

The ALJ's decision includes a comprehensive discussion of

the B criteria along with citations to the evidence in the

record. (R. 24-25.) For instance, the ALJ found that "[i]n

understanding, remembering or applying information, the

---

[8] In her brief, plaintiff argues that the ALJ reasonably could
have construed some of Dr. Lopez's comments as addressing the B
criteria.  (Dkt. 15, at 14-16.)  The Court disagrees.

[plaintiff] has mild limitations." (R. 24). In support of this finding, the ALJ notes that

> the record reflects that the [plaintiff] is able to follow simple instructions and carry out tasks, as evidenced by her ability to relate her medical history to medical providers throughout the record. The [plaintiff] testified that she functioned independently, while her daughter worked outside the home. The [plaintiff] is able to drive and grocery shop, if needed. She also continued to job search and go to interviews.

(R. 24-25)(internal citation omitted).

This finding by the ALJ is supported by medical evidence in the record. More specifically, Dr. Hill stated that plaintiff was not significantly limited in "the ability to carry out short and simple instructions" or "the ability to carry out detailed instructions." (R. 106.) Additionally, plaintiff testified that she drove to doctor's appointments and went grocery shopping about once per month. (R. 80-81.)

With respect to the next criteria, the ALJ concludes that plaintiff had moderate limitations in interacting with others. (R. 25.) The ALJ notes that plaintiff "stated that she keeps to herself and does not like to leave her apartment or even engage with her family." (R. 25.) The ALJ further notes that in treatment notes, plaintiff "reported having anger issues and problems interacting with others. Overall, the record supports no more than moderate limitations in interacting with others." (R. 25.) Consistent with this finding, Dr. Hill opined that

22

plaintiff was moderately limited in her "ability to work in coordination with or in proximity to others without being distracted by them." (R. 107.)

The ALJ next concludes that plaintiff has moderate limitations with regard to concentrating, persisting, or maintaining pace. (R. 25.) While plaintiff reported poor focus, concentration, motivation and low mood due to depression and anxiety, the ALJ concluded that "on balance, the record supports moderate limitation in this functional area given the claimant's reported abilities." (R. 25.) In reaching this conclusion, the ALJ relied upon evidence that plaintiff was actively seeking job opportunities. (R. 25.) The ALJ's finding and determination in this area is supported by the record. (R. 858, 861, 868, 871-72, 875-76, 884, 930-31.)

Finally, the ALJ concludes that plaintiff has experienced mild limitations in adapting or managing herself. (R. 25.) In this respect, the ALJ notes that plaintiff "reports being able to care for her own personal needs such as maintaining personal hygiene, grooming and appropriate dress; however, she stated that she lacked the motivation to support these duties." (R. 25.) However, the ALJ concluded that the evidence "does not show that the [plaintiff] had a significant loss of her ability to regulate emotions, control behavior, and maintain well-being in a work setting (*e.g.*, no findings for persistent emotional

lability or significant mood fluctuations)." (R. 25.) The ALJ's finding is supported by substantial evidence in the record, including Exhibits 9F and 10F.

Plaintiff has not shown that the relevant evidence precludes a reasonable mind from finding that Dr. Lopez's opinion is inconsistent with other evidence in the record. Plaintiff has thus failed to demonstrate that the ALJ's determination is unsupported by substantial evidence. Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). The ALJ's determination and decision to afford Dr. Lopez's opinion less than controlling weight is therefore supported by substantial evidence. The ALJ therefore did not violate the treating physician rule by affording Dr. Lopez's opinion less than controlling weight. Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014). Therefore, the Court affirms the ALJ's decision.

## CONCLUSION

Based on the foregoing reasons, plaintiff's motion for an order to remand the Commissioner's decision (Dkt. #15) is DENIED and the Commissioner's motion to affirm that decision (Dkt. #21-1) is GRANTED.

This is not a recommended ruling. The consent of the parties allows this magistrate judge to direct the entry of a judgment of the district court in accordance with the Federal

Rules of Civil Procedure. Appeals can be made directly to the appropriate United States Court of Appeals from this judgment. See 28 U.S.C. § 636(c)(3).

SO ORDERED this 10th day of February 2020, at Hartford, Connecticut.

_____/s/___ ___ ____ _____
Robert A. Richardson
United States Magistrate Judge